# Kirby Noonan Lance & Hoge LLP

ATTORNEYS AT LAW
600 West Broadway, Suite 1100 San Diego, California 92101-3387
Telephone 619.231.8666   Facsimile 619.231.9593   www.knlh.com

GREGORY A. POST
Partner
Writer's E-Mail: gpost@knlh.com



January 17, 2008

**Via email: Efile_brooks@casd.uscourts.gov**

Magistrate Judge Ruben B. Brooks
United States District Court
940 Front Street
San Diego, CA 92101

Re: *NEOPORTE, INC. V. HOME DEPOT U.S.A., INC.* – CASE NO. 07 CV 2304 BEN (RBB)

Dear Judge Brooks:

This firm, along with Lovells LLP, represents Home Depot U.S.A., Inc. ("Home Depot") in the above-captioned matter and we write in response to the letter from Andrew D. Skale on behalf of Neoporte, Inc. ("Neoporte"), dated January 15, 2008. In that letter, Neoporte requested an Early Neutral Evaluation ("ENE") to occur as soon as possible and claimed that this case involves "clear trademark infringement and unfair competition." Not only is there no evidence of any trademark infringement or unfair competition having occurred, but Mr. Skale's letter leaves out two very important facts.

First, at no time has Home Depot entered into settlement discussions with Neoporte. Home Depot is not the real party in interest here, and sells the product at issue on behalf of a different, unrelated company called Home Decor Innovations, n/k/a/ Renin Corporation ("Renin"), which manufactures the NUporte doors and has an exclusive sales agreement with Home Depot for the retail sale of those doors. While Renin has engaged in settlement discussions with Neoporte, Home Depot has not. Moreover, Home Depot has no ability or inclination to settle this matter as Renin Corp., which is not before this Court, is the real party in interest.

Second, and perhaps more important, the real parties in interest in this dispute (Renin and Neoporte) are already engaged in litigation, concerning the exact same issues, in a case in the Western District of North Carolina, Case No. 3:07-cv-

KNLH\505230.1

Kirby Noonan Lance & Hoge LLP

January 17, 2008
Page 2

---

00379-GCM (the "North Carolina Action"), which was filed three months before Neoporte filed the above-captioned matter.

The issue in both cases is Neoporte's allegation that Renin's NUporte doors infringe Neoporte's trademark. Renin filed the North Carolina Action on September 6, 2007 against Neoporte, seeking a declaratory judgment of non-infringement. Three months later, Neoporte filed this action against Renin's customer, Home Depot. Renin is defending Home Depot in this case based on an indemnification agreement. Renin and Home Depot both believe that this matter should be adjudicated in the first-filed case, the North Carolina Action. Renin intends to proceed in the North Carolina Action and to file a motion to enjoin Neoporte from proceeding in this case.

Accordingly, in Home Depot's view, ENE is therefore not appropriate at this time, and Home Depot therefore respectfully requests that any ENE in this matter be postponed until the motion to enjoin Neoporte is decided by the Western District of North Carolina.

Yours very truly,

Gregory A. Post
of
Kirby Noonan Lance & Hoge LLP

GAP/mce
cc: Andrew D. Skale, Esq., Counsel for Neoporte, Inc.
(via email: askale@mintz.com)
David Leichtman, Lovells LLP
(via email: david.leichtman@lovells.com)